JUNE, (E. S.)        PATRICK VS. RIDGAWAY.

APPEAL from *Queen Anne's* County Court. This was an action of *assumpsit*. The declaration contained a count for sundry matters properly chargeable in an account, as by a particular account thereof brought into court would appear; a count for money lent and advanced, one for money paid, laid out and expended; and one on an *insimul computassent*. The account referred to in the first count was filed with the declaration. The defendant, (now appellant,) although ruled to plead did not answer the declaration, and a judgment by default was entered against him, and an inquiry at bar ordered at the next term, &c. At the execution of the inquiry at bar the plaintiff, (the appellee,) offered the declaration and account filed as evidence, to charge the defendant, stating to the jury that the judgment by default was an admission of the account. The defendant then prayed the court's opinion to the jury, that by the operation and effect of the judgment by default, the account filed was not admitted. But the Court, [*Earle*, Ch. J. and *Purnell*, A. J.] refused to give the direction, being of opinion that the articles themselves. charged in the account, were admitted by the judgment by default, but that the value of the articles, and the amount of the items, must be proved by evidence on the part of the plaintiff The defendant excepted; and the inquisition and judgment thereon being against him, he appealed to this court.

The cause was argued before BUCHANAN, JOHNSON, MARTIN, and DORSEY, J.

*Carmichael*, for the Appellant, referred to *Reve vs. Cropley*, 1 *Vent.* 347. *Green vs. Hearne*, 3 *T. R.* 301.

---

*The plaintiff in an action of as sumpsit, having a count in his declaration for sundry matters properly chargeable in an account, which account he filed with his declaration, and there being a judgment by default against the defendant for want of a plea—on executing an inquiry at bar he offered the declaration and account as evidence to charge the defendant, contending that the judgment by default was an admission of the account. The county court decided that the articles themselves, charged in the account, were admitted by the judgment by default, but that the value of the articles, and the amount of the items must be proved by evidence. On appeal by the defendant, reversed.*

*Harrison*, for the Appellee, cited 3 *Jacob's L. D.* 552. *Tidd's Prac.* 166, 168. *Eadem vs. Lutman*, 1 *Stra.* 612; and 1 *Phill. Evid.* 141.

1818.

Vansant
vs
Money

JUDGMENT REVERSED, AND PROCEDENDO AWARDED.